UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| FRANCIS ENWONWU, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 2:24-cv-00320-NT |
| | ) | |
| KEVIN JOYCE, | ) | |
| | ) | |
| Respondent | ) | |

**RECOMMENDED DECISION ON 28 U.S.C. § 2241 MOTION**

Petitioner, who is in Immigration and Customs Enforcement (ICE) custody, seeks habeas relief in accordance with 28 U.S.C. § 2241. (Petition, ECF No. 1.)

Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, upon the filing of a motion, the Court conducts a preliminary review of the motion.[1]  Upon review, "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party."

After a review in accordance with Rule 4, I recommend the Court dismiss the matter unless Petitioner amends his petition within the time to file an objection to this recommended decision.

---

[1] Although Petitioner asserts his claim pursuant to § 2241, "the § 2254 rules specifically state that they may be applied by the district court to other habeas petitions." *Bramson v. Winn*, 136 F. App'x 380, 382 (1st Cir. 2005) (citing Rule 1(b) of the Rules Governing § 2254 Cases).  A preliminary review is also supported under 28 U.S.C. § 2243.  Section 2243 provides in pertinent part: "A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, *unless it appears from the application that the applicant or person detained is not entitled thereto*."  (emphasis added).

## DISCUSSION

Petitioner asserts that he was in ICE custody from 2017 to April 2020 in connection with a removal proceeding. According to Petitioner, the removal proceeding was dismissed, and Petitioner was released on bail. Petitioner later served a state sentence, which ended in August 2024. Because ICE had previously issued a detainer in December 2022,[2] when he filed the petition in September 2024, Petitioner was still confined at the Cumberland County Jail. In an unrelated civil case, Petitioner recently filed a notice advising of a new address. (Notice of Change of Address, 2:24-cv-00055-SDN, ECF No. 38.) The notice reflects that at least as of November 13, 2024, Petitioner has been confined at an ICE facility in Louisiana. In the petition, Petitioner also referenced a December 2004 order of removal, which he alleges was invalid.

Other than identifying at least two periods of confinement, the substance and bases of the petition are difficult to decipher. Although Petitioner evidently questions or challenges certain procedures that resulted in his confinement, his petition largely consists of labels and conclusory allegations, such as "unreasonable" conduct, "fraudulent" orders, and the right to due process. Petitioner's allegations are insufficient to support a claim for relief because he provides no factual support that would allow the court to assess whether the writ of habeas corpus is available under the circumstances, *see, generally*, Charles A. Wright and Arthur R. Miller, 14A Fed. Prac. & Proc. Juris. § 3664 (4th ed.) (discussing

---

[2] A detainer is "a legal order that requires a State in which an individual is currently imprisoned to hold that individual when he has finished serving his sentence so that he may be tried by a different [sovereign] for a different crime." *Alabama v. Bozeman*, 533 U.S. 146, 148 (2001).

Case 2:24-cv-00320-NT   Document 6   Filed 12/05/24   Page 3 of 4    PageID #: 15

limitations on judicial review of immigration proceedings), and, if so, whether his confinement has violated the constitution and thus warrants relief. *See Mayle v. Felix*, 545 U.S. 644, 655 (2005) (noting that habeas corpus pleading rules are "more demanding" than traditional notice pleading rules for civil litigation); *Garuti v. Roden*, 733 F.3d 18, 25 (1st Cir. 2013) ("Conclusory allegations are insufficient to raise a substantial factual issue" requiring development in a habeas proceeding).[3] Dismissal, therefore, is warranted.

## CONCLUSION

Based on the foregoing analysis, unless within the fourteen-day period to file an objection to this Recommended Decision, Petitioner files an amended petition to allege an actionable claim for relief, I recommend the Court dismiss the matter.

## NOTICE

> A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. 636(b)(1)(B) for which de novo review by the district

---

[3] As the First Circuit has explained:

> The fundamental purpose of habeas corpus would be undermined if the writ were . . . available upon mere 'notice' or token pleading, without any showing of entitlement. We do not accept the burden, upon ourselves and other litigants alike, that would follow if state defendants, simply by making conclusory allegations, could require district judges- and, inevitably, on appeal, three circuit judges- to read the records and transcripts of their state trials. Habeas corpus is a special proceeding to right wrongs, not a routine procedure to search for them, nor a means of requiring the federal courts to review, as a matter of course, state proceedings.
>
> Mere assertions of ineffective counsel, for example, are not enough. Nor is it sufficient to refer to an act or omission of counsel, as does petitioner in this case, without indicating why it constituted gross impropriety or prejudicial misconduct.

*Bernier v. Moore*, 441 F.2d 395, 396 (1st Cir. 1971).

court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 5th day of December, 2024.