UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| FRANCIS ENWONWU, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>KEVIN JOYCE, )<br>)<br>Respondent ) | 2:24-cv-00320-NT |

**SUPPLEMENTAL RECOMMENDED DECISION ON 28 U.S.C. § 2241 MOTION**

Petitioner, who is in Immigration and Customs Enforcement (ICE) custody, seeks habeas relief in accordance with 28 U.S.C. § 2241. (Petition, ECF No. 1.) Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, upon the filing of a motion, the Court conducts a preliminary review of the motion.[1] Upon review, "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party." After a review in accordance with Rule 4, I recommended the Court dismiss the matter unless Petitioner amended his petition within the time to file an objection to the recommended decision. (Recommended Decision, ECF No. 6.) Petitioner then filed an amendment and additional attachments. (Amended Petition, ECF No. 9.)

---

[1] Although Petitioner asserts his claim pursuant to § 2241, "the § 2254 rules specifically state that they may be applied by the district court to other habeas petitions." *Bramson v. Winn*, 136 F. App'x 380, 382 (1st Cir. 2005) (citing Rule 1(b) of the Rules Governing § 2254 Cases). A preliminary review is also supported under 28 U.S.C. § 2243. Section 2243 provides in pertinent part: "A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, *unless it appears from the application that the applicant or person detained is not entitled thereto*." (emphasis added).

After a review of the amended petition in accordance with Rule 4, I recommend the Court dismiss the matter.

## DISCUSSION

Petitioner's attachments provide some clarity regarding the more recent immigration proceedings. Petitioner was ordered to be removed following proceedings before an immigration judge (IJ), which proceedings terminated on January 9, 2020, and on September 24, 2021, the Board of Immigration Appeals (BIA) sustained the IJ's order. Petitioner appealed from the BIA decision. The First Circuit dismissed the appeal in May 2023. Petitioner alleges that he completed serving a state criminal sentence on August 27, 2024. Because of the order of removal, Petitioner remained in custody at the Cumberland County Jail on a federal detainer.

In October 2024, ICE served Petitioner with a notice stating that if he had not yet been removed, ICE would conduct a custody review in November 2024 to determine whether Petitioner would be held in custody or released on supervision, which determination would depend on multiple factors, including whether he demonstrated that he cooperated with removal efforts, whether he poses a danger to the community, and whether he presents a flight risk. In an unrelated civil case, Petitioner filed a notice advising the court of a new address. (Notice of Change of Address, 2:24-cv-00055-SDN, ECF No. 38.) The notice reflects that at least as of November 13, 2024, Petitioner has been confined at an ICE facility in Louisiana. In December 2024, an ICE deputy field office director in Louisiana served Petitioner with a notice stating that Petitioner would remain in custody because ICE expects to receive the necessary travel documents for removal. The

notice stated that if Petitioner is not removed in an additional ninety days, ICE headquarters will conduct another custody review.

Petitioner cites two Supreme Court cases, *Johnson v. Guzman Chavez*, 594 U.S. 523 (2021) and *Zadvydas v. Davis*, 533 U.S. 678 (2001), in support of his request for relief. Petitioner evidently challenges the length of time he has been in ICE custody without being removed from the United States. The Supreme Court has explained:

> Once an alien is ordered removed, [the Department of Homeland Security] must physically remove him from the United States within a 90-day "removal period." The removal period begins on the latest of three dates: (1) the date the order of removal becomes "administratively final," (2) the date of the final order of any court that entered a stay of removal, or (3) the date on which the alien is released from non-immigration detention or confinement. During the removal period, detention is mandatory.
>
> [T]he removal period may be extended in at least three circumstances, such that an alien remains detained after 90 days have passed. First, the removal period may be extended if the alien fails to make a timely application for travel documents or acts to prevent his removal. Second, DHS may stay the immediate removal of certain aliens if it decides that such removal is not practicable or proper, or if the alien is needed to testify in a pending prosecution. And finally, the statute provides that an alien may be detained beyond the removal period or released under supervision if he is (1) inadmissible, (2) removable as a result of violations of status requirements, entry conditions, or the criminal law, or for national security or foreign policy reasons, or (3) a risk to the community or unlikely to comply with the removal order. Continued detention under this provision creates the "post-removal-period."
>
> Although the statute does not specify a time limit on how long DHS may detain an alien in the post-removal period, this Court has "read an implicit limitation" into the statute "in light of the Constitution's demands," and has held that an alien may be detained only for "a period reasonably necessary to bring about that alien's removal from the United States." *Zadvydas v. Davis*, 533 U.S. 678, 689 (2001). And according to the Court, a period reasonably necessary to bring about the alien's removal from the United States is presumptively six months. *Id.*, at 701. After that point, if the alien "provides good reason to believe that there is no significant likelihood of removal in

> the reasonably foreseeable future," the Government must either rebut that showing or release the alien. *Ibid.*
>
> If no exception applies, an alien who is not removed within the 90-day removal period will be released subject to supervision.

*Guzman Chavez*, 594 U.S. at 528–29 (statutory and regulatory citations omitted).

Here, because Petitioner was released from non-immigration detention on August 27, 2024, and mailed his petition on September 9, 2024, Petitioner initiated his legal challenge in this Court just two weeks after the removal order became effective and the removal period began. Petitioner's attachments also demonstrate that ICE conducted the requisite individualized assessment at the end of the ninety-day removal period and has scheduled another review before any presumption of unauthorized detention might arise. Because six months have not yet elapsed since his removal order took effect and he entered ICE custody, and because Petitioner has provided no other basis from which one could plausibly infer that there is no likelihood of removal in the reasonably foreseeable future, Petitioner is not entitled to relief. Dismissal, therefore, is appropriate.

## CONCLUSION

Based on the foregoing analysis, I recommend the Court dismiss the matter.

## **NOTICE**

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. 636(b)(1)(B) for which de novo review by the district

court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.

      Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

                                         /s/ John C. Nivison
                                         U.S. Magistrate Judge

Dated this 30th day of January, 2025.